PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KRISTEN ZWICK, *et al.*, ) | |
| ) | CASE NO. 5:21CV2181 |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| JACKSON LOCAL SCHOOL DISTRICT ) | |
| BOARD OF EDUCATION, *et al.*, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | [Resolving ECF No. 7] |

*Pro Se* Plaintiff Kristen Zwick ("Zwick") filed this fee-paid case on behalf of herself and her minor child, G.O., against the Jackson Local School District Board of Education; Superintendent of the Jackson Local School District, Christopher DiLoreto; and, Board members Scott Gindlesberger, Christopher V. Goff, Kenneth J. Douglas, Thomas W. Winkhart, and Tonya M. Wright ("Defendants"). *See* Complaint (ECF No. 1). The Complaint alleges that Defendants have violated Plaintiffs' due process rights under the Ohio and U.S. Constitutions by implementing a mask requirement for students within the Jackson Local School District.

On December 21, 2021, Defendants served and filed a Motion to Dismiss (ECF No. 7) the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction, arguing that Zwick lacks standing to assert claims on behalf of her minor child and that Zwick fails to allege a concrete injury that she personally suffered. The Motion to Dismiss is unopposed.[1]

---

[1] "Unless otherwise ordered by the Judicial Officer, each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of

(continued...)

(5:21CV2181)

# I.

The Complaint (ECF No. 1) is the latest in a number of lawsuits filed in this and other districts by "*pro se*" parents seeking to challenge mask requirements implemented in their children's school districts in response to COVID-19. *See, e.g.*, *M.H. v. Olmsted Falls City Sch. Dist. Bd of Educ.*, No. 1:21CV1732, 2021 WL 5448778 (N. D. Ohio Nov. 22, 2021); *H.V. v. Cloverleaf Local Sch. Dist. Bd. of Educ.*, No. 1:21CV1731, 2021 WL 5448763 (N.D. Ohio Nov. 22, 2021); *A.W. v. Bay Village City Sch. Dist. Bd. of Educ.*, No. 1:21CV1733, 2021 WL 5448761 (N.D. Ohio Nov. 22, 2021); *P.G. by and through Graham v. Huber Heights City Sch. Dist. Bd. of Educ.*, No. 3:21-cv-257, 2021 WL 4321171 (S.D. Ohio Sept. 23, 2021); *T.B. by and through Blankenship v. Mad River City Sch. Dist. Bd. of Educ.*, No. 3:21-cv-256, 2021 WL 4321160 (S.D. Ohio Sept. 23, 2021); *E.B. by and through Bawidamann v. Northmont City Sch. Dist. Bd. of Educ.*, No. 3:21-cv-255, 2021 WL 4321146 (S.D. Ohio Sept. 23, 2021). All of these lawsuits have been dismissed for lack of standing.

---

[1](...continued) any dispositive motion . . . . If a party opposing a motion was served with the motion under Fed. R. Civ. P. 5(b)(2)(C), (D), or (F), three days shall be added to the prescribed period as provided in Fed. R. Civ. P. 6(d)." Local Rule 7.1(d). Plaintiffs memorandum in opposition was, therefore, due on January 24, 2022. "The Judicial Officer may rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." Local Rule 7.1(g).

Furthermore, the Court is permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized when the asserted claims lack an arguable basis in law, or if the Court lacks subject-matter jurisdiction over the matter. *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

(5:21CV2181)

As the district court stated in a recently dismissed case, 28 U.S.C. § 1654 provides that parties may plead and conduct their own cases personally or by counsel, however, " 'that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake.' " H.V., 2021 WL 5448763, at *1 (quoting Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002)). The district court explained that " '[t]he rule against non-lawyer representation protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent.' " Id. (quoting Bass v. Leatherwood, 788 F.3d 228, 230 (6th Cir. 2015)); *see also* Grappell v. Carvalho, 847 Fed.Appx. 698, 701 (11th Cir. 2021) (the rule "helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents") (internal quotation marks and citation omitted); Wheatley v. Boardman Local Sch. Dist. Bd. of Educ., No. 4:21CV1831 (N.D. Ohio Sept. 29, 2021) (Pearson, J.). Excluding parents' claims filed on behalf of their children under the Individual with Disabilities Education Act – which is not relevant here – "it remains binding precedent in the Sixth Circuit that for all other claims, parents cannot serve as legal counsel for their minor child's cause of action." Id. (internal quotation marks and citation omitted).

Here, there are no facts suggesting Zwick is an attorney licensed to practice law in this district. Therefore, in light of the foregoing established Sixth Circuit precedent and the district courts' determinations in substantially similar cases challenging mask requirements implemented in Ohio schools in response to COVID-19, the Court finds that Zwick lacks standing to represent the interests of her minor child, G.O., in the type of claim presented in the case at bar.

(5:21CV2181)

## II.

The Complaint (ECF No. 1) fails to allege that Zwick has suffered in a personal and individual manner a concrete, particularized, and actual injury in fact. Even a liberal reading of the Complaint (ECF No. 1) does not reveal any claim or particularized injury that independently belongs to Zwick, the parent, that is cognizable under the law. *See Buchholz v. Meyer Njus Tanick*, 946 F.3d 855, 861 (6th Cir.2020) (to establish standing, a plaintiff must demonstrate she "suffered an injury in fact . . . that is fairly traceable to the challenged conduct of the defendant, and . . . that is likely to be redressed by a favorable judicial decision") (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)).

## III.

For all of the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 7) is granted. Zwick's claims are dismissed with prejudice. The underlying claims of G.O. are dismissed for lack of subject-matter jurisdiction and without prejudice to being refiled by a licensed attorney.

IT IS SO ORDERED.

|  |  |
|---|---|
| February 4, 2021 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
|  | United States District Judge |